IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD E. HOFFMAN, JR., )
    Petitioner, )
                             )     Civil Action No. 13-141 Erie
v. )     Magistrate Judge Susan Paradise Baxter
                             )
BRIAN THOMPSON, et al., )
    Respondents. )

# OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Ronald E. Hoffman, Jr. ("Petitioner"). For the reasons set forth below, the District Attorney of Venango County's motion to dismiss is granted, all of Petitioner's claims are denied, and a certificate of appealability is denied on all claims. Also, Petitioner's motions for an evidentiary hearing and for appointment of counsel are denied.

## I.

**A.**    **Background**

    **1.**    **Petitioner's 2009 Judgment of Sentence**

In 2008, Petitioner was charged in the Court of Common Pleas of Venango County at Criminal Docket Nos. 03-2009 and 05-2009 with two counts of Forgery, two counts of Access Device Fraud, and Identify Theft. The charges resulted from his unauthorized use of two credit cards, one of which belonged to his mother, to obtain items at several gas stations in Venango County.

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

1

Petitioner pleaded guilty to the charges at Docket No. 03-2009 and was found guilty by a jury of the charges at Docket No. 05-2009. Assistant Public Defender Erik Rutkowski, Esquire, represented him.

On July 28, 2009, the Honorable Robert L. Boyer sentenced Petitioner to a total aggregate sentence of 93 to 240 months in prison (the minimum part was later reduced when it was determined that Petitioner was RRRI eligible). When he imposed the 2009 judgment of sentence, Judge Boyer stated in the sentencing order:

> The Sentences imposed herein shall run concurrent with any and all sentences previously imposed upon this Defendant whether in Venango County or elsewhere; however, the Pre-sentence Investigation has not revealed any previous sentences to which this sentence could run consecutively and we are not aware of any county sentence which needs to be served by this Defendant prior to serving his state sentence in this case.

(Sentencing Hr'g Tr. at 27).

Petitioner, through counsel, challenged his 2009 judgment of sentence in a consolidated direct appeal with the Superior Court of Pennsylvania. He claimed that Judge Boyer abused his discretion by issuing an excessive sentence, considering inappropriate information, and failing to take into account significant mitigating factors.

On October 12, 2010, the Superior Court issued a Memorandum in which it affirmed Petitioner's 2009 judgment of sentence. Commonwealth v. Hoffman, Nos. 1568 & 1569 of 2009 (Pa.Super. Oct. 12, 2010). Petitioner did not file a petition for allowance of appeal ("PAA") with the Supreme Court of Pennsylvania. Accordingly, his 2009 judgment of sentence became final on or around November 11, 2010, upon expiration of the time to file a PAA. Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (same).

On or around January 14, 2011, Petitioner filed a request with the Court of Common Pleas that he be appointed counsel to file a motion for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9541 *et seq.* That request was docketed on January 20, 2011. The next day, the PCRA court appointed Matthew C. Parson, Esquire, to represent Petitioner.

In the PCRA proceeding, Petitioner contended that his trial attorney (Attorney Rutkowski) provided him with ineffective assistance of counsel for:

1. failing to file pretrial motions prior to the jury trial requesting that the court order the Commonwealth not to bring up that Petitioner pleaded guilty to the charges at Docket No. 03-2009;

2. failing to argue that the crimes at issue were de minimis; and,

3. failing to withdraw from the case when counsel became incapable of acting in a professional manner.

(See Dec. 16, 2011, Opinion of the PCRA court at 2).

The PCRA court presided over evidentiary hearings on August 26, 2011, and November 22, 2011. On December 16, 2011, it entered an Opinion in which it held that Petitioner's claims had no merit. On that same date, it issued an Order of Court in which it dismissed the PCRA motion.

Petitioner had 30 days in which to file an appeal with the Superior Court. He did not pursue one. Accordingly, the PCRA proceeding concluded on or around January 16, 2012, the date upon which the time to file an appeal expired. Swartz, 204 F.3d at 419-21.

On or around February 29, 2012, Petitioner filed *pro se* a second PCRA motion. He claimed that Attorney Parson, who represented him during the first PCRA proceeding, was ineffective for failing to raise the following claims:

1. trial counsel (Attorney Rutkowski) was ineffective for failing to file a PAA after the Superior Court affirmed his 2009 judgment of sentence;

2. the trial court erred in allowing the prosecutor "to make many of the statements he made [at the] trial [at Docket No. 05-2009]";

3

3. the prosecutor "did prejudice the jury during trial … and commit[ted] prosecutorial misconduct;"

4. the prosecutor "did commit prosecutorial misconduct before trial … by going to victim's house when delivering subpoena for trial and coach testimony and make false promises to victim 'Ruth Huffman' and threats of charges for false police reports."

(Second PCRA motion at 1-2). Petitioner contended that he had asked Attorney Parson to raise these claims in the first PCRA motion but that Parson did not do so.

On November 15, 2012, the PCRA court issued an Opinion in which it held that Petitioner's claims were untimely under the PCRA's one-year statute of limitations, 42 PA. CONS. STAT. § 9545(b). The PCRA court also held that Petitioner's claims were waived under 42 PA. CONS. STAT. § 9544(b), which provides that "an issue is waived if the petitioner could have raise it but failed to do so before trial, at trial, during unitary review, on appeal **or in a prior state postconviction proceeding**." (Emphasis added). It noted that Petitioner himself had the opportunity at the two hearings held during the first PCRA proceeding to alert the court that there were additional claims that he wanted to raise.

Petitioner did not file an appeal with the Superior Court following the PCRA court's dismissal of his second PCRA motion.

### 2. Calculation of the Term of Petitioner's Imprisonment

Although Judge Boyer had been under the impression that Petitioner did not face any other terms of imprisonment when he imposed the 2009 judgment of sentence on July 28, 2009, Petitioner had in fact been on parole when he committed the crimes that were the subject of Criminal Docket Nos. 03-2009 and 05-2009. Therefore, he was required to serve a parole violator sentence before he could serve the 2009 judgment of sentence. On October 15, 2009, the Pennsylvania Board of Probation and Parole issued a decision in which is recommitted Petitioner to a state correctional institution as a convicted

4

parole violator to serve backtime. His maximum parole violator sentence date was computed to be June 30, 2012, and he began serving this backtime as of October 15, 2009, the date the Board issued its decision. (Department of Corrections (the "DOC") Ex. B; Ex. H).

When Petitioner completed service of his parole violator sentence on June 30, 2012, he immediately began service of his 2009 judgment of sentence. (DOC Ex. C at 1-2; Ex. H). His 2009 judgment of sentence has a minimum date of February 23, 2018, and a maximum date of September 8, 2031. (DOC Ex. C at 1-3; Ex. H).

On July 31, 2012, Petitioner filed with the Commonwealth Court of Pennsylvania a petition for review in the nature of a complaint in mandamus. He complained, as he does in this case, that the DOC erred in the manner in which it calculated the term of his sentence because Judge Boyer had ordered that his 2009 judgment of sentence was to run concurrent with any other sentence being served. (DOC Ex. G). The Commonwealth Court dismissed the mandamus action on April 11, 2013. It held:

> Petitioner avers that respondent [the DOC] has failed to comply with the July 28, 2009 sentencing order of Judge R. Boyer of Venango County (CR-03-2009 and CR-05-2009), which order imposed an aggregate sentence of 93 to 240 months for forgery, access device fraud, and identity theft; the sentence was to run concurrent with any other sentence previously imposed. Judge Boyer determined that petitioner was eligible for recidivism risk reduction incentive on the aggregate minimum sentence. Petitioner seeks an order directing the Department of Corrections to credit this Venango County sentence (2009 Sentence) with time served from December 22, 2008, the date on which petitioner was arrested.
>
> It is undisputed that petitioner was arrested on December 22, 2008 for the new crimes while he was on state parole from his 2006 burglary sentences. The Board of Probation and Parole recommitted petitioner as a convicted parole violator and recalculated the maximum date for the burglary sentences to June 30, 2012. Petitioner began serving his parole violation sentence on October 15, 2009.
>
> At the completion of his parole violation sentence, DOC began to run the 2009 Sentence. DOC credited to 2009 Sentence with time petitioner served from the date of his arrest on December 22, 2008 until October 14, 2009, the day before he returned to the Department of Corrections to begin serving his parole violation sentence.

5

> **Pursuant to the Prisons and Parole Code, sentences for crimes committed while on parole must be served consecutively with the time remaining on the original sentence. 61 Pa.C.S. § 6138(a); <u>Lawrence v. Dep't of Corr.</u>, 941 A.2d 70 (Pa.Cmwlth. 2007). A parole violator convicted and sentenced for another crime must serve his backtime and the new sentence consecutively and should not be given a sentence that is to run concurrent with the time remaining on the original sentence. <u>Commonwealth v. Dorian</u>, 468 A.2d 1091 (Pa. 1983). Regardless of whether Judge Boyer intended petitioner's 2009 Sentence to run concurrent with the parole violation sentence, petitioner has no right to have his parole violation backtime run concurrent with his new state sentence.**

(DOC Ex. H, emphasis added).

Petitioner did not file an appeal with the Pennsylvania Supreme Court following the Commonwealth Court's dismissal of his mandamus action.

On or around May 22, 2013, Petitioner commenced this habeas case, which is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner raises three claims in his petition.

In his first claim, Petitioner challenges his 2009 judgment of sentence. He contends:

> For case 05-2009 Assistant District Attorney did commit prosecutorial misconduct by going to my mother's house "victim" at 10:30 at night before my trial and went over questions and told her what to say and threatened her with charges if she did not say what he wanted or change her story. He also brought up other cases in my trial and when cross examining my sister on stand he lied and said I was also using my mother's debit card and he said to the jury he knew I [indecipherable] when this was not what I was charged for it was a gas card and was a lie.

[ECF No. 3 at 5]. The District Attorney of Venango County has filed a motion to dismiss [ECF No. 13] this claim because: (1) it is untimely under AEDPA's statute of limitations; and, (2) Petitioner failed to exhaust his state remedies with respect to it and, therefore, it is procedurally defaulted.

In Petitioner's remaining two claims, he contends that the manner in which the DOC is calculating his sentence is subjecting him to cruel and unusual punishment in violation of his Eighth Amendment rights because Judge Boyer ordered that his 2009 judgment of sentence was to be served

6

concurrent with any other sentence. The DOC has filed an Answer [ECF No. 8] to address these claims. It argues that the claims must be denied because: (1) Petitioner failed to exhaust his state remedies with respect to them and, therefore, they are procedurally defaulted; and, (2) the claims have no merit because the Commonwealth Court determined that the DOC calculated his sentence properly under applicable state law.

Also pending before the Court are Petitioner's motions for an evidentiary hearing and for appointment of counsel. [ECF Nos. 16 & 19]. AEDPA, as codified in relevant part at 28 U.S.C. § 2254(e)(2), limits the ability of a federal district court to hold an evidentiary hearing in habeas review. See also Cullen v. Pinholster, — U.S. —, 131 S.Ct. 1388 (2011). There is no reason for this Court to schedule an evidentiary hearing in this case and, therefore, that request is denied. As for Petitioner's request that he be appointed counsel, he has no constitutional right to counsel in this habeas proceeding, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987), and, because this is a non-capital case, he has no statutory right to counsel either. See 18 U.S.C. § 3599(a)(2). Whether to appoint counsel in this action lies within the discretion of the Court (unless there is an evidentiary hearing, see Rule 8 of the Rules Governing Section 2254 Cases). There is no reason for the Court to exercise that discretion and appoint Petitioner counsel. Accordingly, that request is denied.

**B.     Discussion**

    **1.     Petitioner's Challenge to his 2009 Judgment of Sentence Is Untimely**

The District Attorney of Venango County is correct that Petitioner's claim challenging his 2009 judgment of sentence must be denied because it is untimely. AEDPA imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Section 2244(d)(1)(A) applies in this case, with AEDPA's limitation period beginning to run on the date Petitioner's 2009 judgment of sentence became final, November 11, 2010. Swartz, 204 F.3d at 419. The earliest date that Petitioner's first and only timely PCRA proceeding could be considered to have commenced was 64 days later, on January 14, 2011. In accordance with § 2244(d)(2), that PCRA proceeding statutorily tolled AEDPA's limitations period on that date.

The first PCRA proceeding concluded on or around January 16, 2012, which is the date upon which Petitioner's time to file an appeal with the Superior Court from the PCRA court's decision to deny relief expired. Swartz, 204 F.3d at 419-20. AEDPA's limitations period began to run again the next day, on January 17, 2012. Since about 64 days had expired already from the limitations period, Petitioner had 301 more days – until on or around November 13, 2012 – to file a timely petition for a writ of habeas

8

corpus with this Court. He did not file his petition until May 22, 2013, which is more than 6 months past the deadline.

Importantly, the limitations period was not statutorily tolled pursuant to § 2244(d)(2) during the pendency of Petitioner's second PCRA proceeding. Because the PCRA court determined that the second PCRA motion was untimely, it does not qualify as a "properly filed application for State post-conviction or other collateral review" under the terms of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2).") (quotation marks and brackets deleted); id. at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

Based upon all of the foregoing, Petitioner's claim challenging his 2009 judgment of sentence is denied because it is untimely under AEDPA's one-year statute of limitations.[2]

### 2. All of Petitioner's Claims Are Procedurally Defaulted

The District Attorney of Venango County and the DOC each argue, for the claims that they addressed in their respective responses, that Petitioner's claims must be dismissed as procedurally defaulted because he failed to exhaust them. They are correct. The U.S. Court of Appeals for the Third Circuit has explained, "[i]t is axiomatic that a federal habeas court may not grant a petition for a writ of

---

[2] The U.S. Supreme Court has held that AEDPA's statute-of-limitations period "is subject to *equitable tolling* in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010) (emphasis added). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649. See also United States v. Thomas, 713 F.3d 165, 174 (3d Cir. 2013); Ross v. Varano, 712 F.3d 784, 798-804 (3d Cir. 2013); Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." Sistrunk v. Rozum, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). Petitioner does not argue that he is entitled to equitable tolling on this claim [ECF No. 3 at 13-14], and there is nothing in the record to suggest that this case is the rare one in which equitable tolling would apply. Petitioner may not have understood the implications of waiting so long to file his federal habeas corpus petition, but it is well established that "lack of legal knowledge or legal training does not alone justify equitable tolling." Ross v. Varano, 712 F.3d 784, 799-800 (3d Cir. 2013) (citations omitted).

habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)). Specifically, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). The petitioner carries the burden of proving exhaustion of all available state remedies. See, e.g., Lambert, 134 F.3d at 513.

The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan, 526 U.S at 842-49. The requirement is:

> principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 1127, 35 L.Ed.2d 443 (1973). Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Ex parte Royall, 117 U.S. [241, 251, 6 S.Ct. 734, 740 (1886)]. Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950). See Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam) (noting that the exhaustion requirement "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights").

Rose v. Lundy, 455 U.S. 509, 517 (1982) (footnote omitted).

In order to exhaust his claim in which he challenges his 2009 judgment of sentence, Petitioner was required to have raised it to the Superior Court of Pennsylvania on direct or PCRA appeal. See, e.g.,

Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).[3] In order to exhaust his claims challenging the DOC's sentence calculation, Petitioner was required to file an appeal with the Pennsylvania Supreme Court following the Commonwealth Court's decision to dismiss his mandamus action. Williams, 232 F.App'x at 179-181. Petitioner did not pursue these required steps. Because he did not, this Court must conclude that he did not exhaust any of his claims. As a result, each of his claims is procedurally defaulted for the purposes of federal habeas review. See, e.g., Lines v. Larkins, 208 F.3d 153, 16069 (3d Cir. 2000); Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000). Like the exhaustion doctrine, the doctrine of procedural default is "grounded in concerns of comity and federalism," Coleman, 501 U.S. at 730, and it bars federal habeas review of a claim whenever the petitioner failed to raise it in compliance with a state's procedural rules. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wainwright v. Sykes, 433 U.S. 72 (1977); Lines, 208 F.3d at 162-69.

Based upon all of the foregoing, Petitioner's claim challenging his 2009 judgment of sentence is denied because, in addition to being untimely, it is procedurally defaulted. Petitioner's claims challenging the DOC's calculation of his term of imprisonment is denied because they are procedurally defaulted.

---

[3] On May 9, 2000, the Pennsylvania Supreme Court issued In re: Exhaustion of State Remedies in Criminal and Post Conviction Relief Cases, No. 218 Judicial Administration Docket No. 1 ("Order 218"). It provides that state prisoners on direct appeal of a criminal case or in a PCRA proceeding need not file a PAA with the Pennsylvania Supreme Court after the **Superior Court** denies a claim in order to exhaust it for the purposes of subsequent federal habeas review. In Lambert v. Blackwell, 387 F.3d 210, 231-234 (3d Cir. 2004), the Court of Appeals for the Third Circuit held that Order 218 was sufficient to render discretionary review before the Pennsylvania Supreme Court "unavailable" to state prisoners on direct appeal and in a PCRA appeal. Therefore, a Pennsylvania state prisoner **challenging his judgment of sentence** need only show that he presented his federal habeas claims to the Superior Court. Order 218 does not encompass decisions of the **Commonwealth Court**. Williams v. Wynder, 232 F.App'x 177, 179-81 (3d Cir. 2007) (concluding that the Pennsylvania Supreme Court's Order 218 does not apply to decisions issued by the Commonwealth Court and that "the District Court correctly held that [petitioner] was required to exhaust his available state remedies by filing a petition for allowance of appeal in the Pennsylvania Supreme Court"). Accordingly, a Pennsylvania prisoner who (like Petitioner in this case) is challenging the DOC's calculation of his term of imprisonment, must first raise his claim to the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement for purposes of federal habeas review.

### 3. Petitioner's Claims Against the DOC Have No Merit

This Court is limited to deciding whether Petitioner's state confinement is violative of the Constitution of the United States, 28 U.S.C. § 2254(a), and may not rule on issues of purely state-law error. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The Commonwealth Court held that the DOC calculated his sentences properly under state law and "[f]ederal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'" Priester v. Vaughn, 382 F.3d 394, 402 (3d Cir. 2004) (quoting Estelle, 502 U.S. at 68). Because this Court is bound by the Commonwealth Court's determination that the DOC is calculating Petitioner's sentence properly, Petitioner cannot establish that the DOC is holding him beyond the term of his 2009 judgment of sentence. Therefore, his claims that he is being subject to cruel and unusual punishment in violation of his Eighth Amendment rights (or that any other right under the Constitution of the United States has been violated) have no merit.

Based upon all of the foregoing, Petitioner's claims challenging the DOC's calculation of his term of imprisonment are denied because, in addition to being procedurally defaulted, they are without merit.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Applying those standards here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied. Accordingly, a certificate of appealability is denied.

## II.

For the reasons set forth above, the District Attorney of Venango County's motion to dismiss [ECF No. 13] is granted and Petitioner's claim challenging his 2009 judgment of sentence is denied for two alternative reasons: (1) it is untimely; and, (2) it is procedurally defaulted. Petitioner's claims challenging the manner in which the DOC is calculating his term of imprisonment is denied for two alternative reasons: (1) they are procedurally defaulted; and (2) they have no merit. A certificate of appealability is denied on all claims. Also, Petitioner's motions for an evidentiary hearing and for appointment of counsel are denied.

An appropriate Order follows.

Dated: August 22, 2014

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RONALD E. HOFFMAN, JR., )
    Petitioner, )
) Civil Action No. 13-141 Erie
v. ) Magistrate Judge Susan Paradise Baxter
)
BRIAN THOMPSON, et al., )
    Respondents. )

## **ORDER**

AND NOW, this 22nd day of August, 2014, for the reasons set forth in the memorandum opinion filed contemporaneously herewith, IT IS HEREBY ORDERED that:

(1)   The motion to dismiss [ECF No. 13] is GRANTED;

(2)   the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED;

(3)   Petitioner's motions for an evidentiary hearing and for appointment of counsel [ECF Nos. 16 and 19] are DENIED; and,

(4)   The Clerk of Court is directed to close this case.

                                  /s/ Susan Paradise Baxter
                                  SUSAN PARADISE BAXTER
                                  United States Magistrate Judge